ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 AUG -7 A 8: 29

CLERK L. Flanders
 SO. DIST. OF GA.

| | |
|---|---|
| LEILA F. EDMOND, | ) |
| Plaintiff, | ) |
| v. | ) CV 306-060 |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration,[1] | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Leila F. Edmond ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

---

[1] The Court takes judicial notice that on February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of the United States Social Security Administration. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Michael J. Astrue as Defendant in this case.

# I. BACKGROUND

Based upon claims of disability dating back to June 22, 1998 and June 20, 2000, Plaintiff applied for DIB and SSI on April 17, 2002. Tr. ("R."), p. 12. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2003. R. 14. The Social Security Administration denied her original claims, R. 36C-F, and her request for reconsideration. R. 33-36. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 32. Represented by counsel, Plaintiff appeared and testified at a hearing on July 19, 2005. R. 574-601.[2] The ALJ then issued an unfavorable decision dated April 12, 2006. R. 14-24.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The evidence does not indicate that the claimant has engaged in substantial gainful activity at any time relevant to this decision (C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: diabetes mellitus; cirrhosis; depressive disorder; and ongoing drug and alcohol abuse. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)).

4. Claimant is unable to perform her past relevant work. (20 C.F.R. § § 404.1565 and 416.965). Based on all of the impairments, including the substance use disorder(s), the claimant has the residual functional capacity to perform work activity at the medium level of exertion,

---

[2]Tina Baker-Ivey, a vocational expert, and Samuel Floyd, Sr., Plaintiff's brother, also testified at the hearing. R. 601-09.

2

including the ability to lift and/or carry and push and/or pull 50 pounds occasionally and 25 pounds frequently; and to sit, stand, and/or walk for a combined total of 8 or more hours per day but is currently unable to reliably maintain any work on a full-time, sustained basis due to effects of her alcohol abuse and medical non-compliance, with consequent physical and mental health problems. If claimant stopped the substance abuse use the claimant would be able to perform past relevant work as a hand sander in furniture manufacture and as a carpet weaver. This work does not require the performance of work-related activities precluded by the residual functional capacity the claimant would have if she stopped the substance use (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and residual functional capacity based on all of the impairments, including the substance use disorder(s), there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 404.1566(c), and 416.966). However, because claimant would not be disabled if she stopped the substance use (20 C.F.R. §§ 404.1520(f) and 416.920(f)), the claimant's substance use disorder(s) is a contributing factor material to the determination of disability (20 C.F.R. §§ 404.1535 and 416.935). Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time through the date of this decision.

R. 14-15, 19-20.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 4-5. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that (1) as to the period before Plaintiff's last insured date, the ALJ's finding that alcohol was material to Plaintiff's disability is unsupported by substantial evidence; (2) as to the period after Plaintiff's last insured date, the ALJ's finding that alcohol was material to Plaintiff's disability is unsupported by substantial evidence; and (3) the ALJ

3

failed to consider Plaintiff's treatment schedule. (Doc. no. 8).

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary

evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

After consideration of all the evidence, the ALJ concluded that Plaintiff is under a disability, but that a substance use disorder(s) is the contributing factor material to the determination of her disability. R. 13. As such, the ALJ determined that Plaintiff has not been disabled under the Social Security Act at any time through the date of the decision. R. 20. Plaintiff obviously does not contest the ALJ's finding that she is disabled, but she does contest the ALJ's finding that alcohol was the contributing factor material to the determination of her disability. As noted above, Plaintiff raises three arguments, all of which primarily are concerned with whether Plaintiff's consumption of alcohol is a material factor in her disability. (Doc. no. 8). On the other hand, the Commissioner contends that substantial evidence supports the ALJ's findings that when abusing alcohol, Plaintiff was unable to reliably maintain work on a full-time, sustained basis; but, that when not abusing alcohol, Plaintiff had the residual functional capacity ("RFC") to perform medium level work

and was not disabled because this RFC did not preclude the performance of her past work as a hand sander of furniture or as a carpet weaver. (Doc. no. 9).

The Social Security Act provides that a claimant "shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The regulations implementing § 423(d)(2)(C) provide that once the Commissioner determines a claimant to be disabled and finds medical evidence of drug addiction or alcoholism, the Commissioner then "must determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535. The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of a disability (the "material determination") is whether the claimant would still be found disabled if [she] stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b)(1). The Eleventh Circuit has recognized that "the claimant bears the burden of proving that [her] alcoholism or drug addiction is not a contributing factor material to [her] disability determination." Doughty v. Apfel, 245 F.3d 1274, 1279 (11th Cir. 2001).

The gravamen of Plaintiff's argument is that she was sober for all or most of the period from February 2002 (shortly before she applied for her benefits in April 2002), through December 31, 2003 (the date she was last insured), and therefore alcohol could not have been a contributing material factor to Plaintiff's disability.[3] In other words, Plaintiff

---

[3]In order to be entitled to disability benefits, Plaintiff must have applied for benefits while disabled or no later than twelve months after the month in which her period of disability ended. Wilson v. Barnhart, 284 F.3d 1219, 1226-27 (11th Cir. 2002) (*per curiam*).

6

asserts that if the ALJ found Plaintiff was disabled, and Plaintiff was in fact sober, alcohol could not be the material contributing factor to Plaintiff's disability; thus, Plaintiff should be deemed disabled and entitled to receive benefits. According to Plaintiff then, the ALJ erred because he did not view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision. The Court disagrees.

First it should be observed that "[i]n all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the Court] to conclude that [the ALJ] considered [the evidence] as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*) (quoting Foote v. Chater, 167 F.3d 1553, 1558 (11th Cir. 1995)); see also McCray v. Massanari, 175 F. Supp.2d 1329, 1336 (M.D. Ala. 2001) (noting that ALJ is not required to discuss every piece of evidence in the record).

Here, the ALJ's opinion shows that he carefully considered the record as a whole. As the ALJ's opinion discusses at length, there is medical evidence regarding Plaintiff's improvement's when Plaintiff is sober. See R. 20. For example, the ALJ's opinion provides:

> The claimant enjoys <u>significant psychological and physical improvement when she is sober for a substantial period of time</u>, with a sharp cessation in diabetic and hepatic crises. The claimant's psychological problems were diagnosed as depression and alcohol abuse. Although the claimant was noted to be drinking on several occasions, <u>she improved significantly during periods of apparently extended remission</u>, as noted above. She was noted to be cooperative and friendly. Her blood sugar was controlled with insulin in December 2004, and she had "no problems" in March 2005 and was "doing fine" in May 2005, despite trouble eating and sleeping. . . .
>
> In March 2004, <u>improvement was noted to have occurred in the two years</u>

---

However, the last insured date does not impact Plaintiff's SSI application.

7

since "stopping" alcohol, and her liver function was noted to have returned to "normal limits," she had only a "history of high blood pressure," and no clear evidence of a complained-of carpal tunnel syndrome was found. . . .

In reaching the above residual functional capacity, the undersigned has considered all evidence relating to how the claimant would function if the substance use was stopped. <u>In the absence of alcohol abuse, the claimant's liver function has rebounded significantly</u>; she is capable of being reasonably compliant with prescribed treatment for her diabetes. She has avoided recurrent health crises and hospitalizations, as well as falls from staggering and loss of consciousness. She has been able to attend most of her recent medical appointments when she is not drinking and she would be able to maintain work commitments as well.

R. 20 (emphasis added).

Other portions of the ALJ's opinion also show that he cited to supporting evidence in the record concerning both Plaintiff's sobriety and her continued use of alcohol during the relevant time period. The ALJ found that Plaintiff reported to the consultative examiner that she had been sober after March 2002; she stated in June 2002 that she had gotten off of drugs. R. 16, 200, 314. In September 2002, she appeared to be doing well but in October 2002, her doctor prescribed Inderal for her shakiness, which her doctor attributed to alcohol withdrawal. R. 16, 194, 197. She also denied drinking in January 2003, but claimed to see little spidery things, and was "reeking of alcohol" when she reported for her mental health appointment in February 2003. R. 16, 190-91. The ALJ found that Plaintiff's assertions, and her brother's supportive assertions, that she has stopped drinking but nonetheless still has visual hallucinations, are not credible, and not consistent with the great weight of the evidence. R. 19. The ALJ concluded that most, if not all, of the Plaintiff's problems result directly from her alcohol abuse. R. 19-20. Thus, contrary to Plaintiff's assertion, the ALJ's opinion demonstrates that he did take into consideration the entire record including Plaintiff's periods

of sobriety in reaching the conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff also argues that the ALJ found that Plaintiff, from 1998 through the present, was never able to hold a job, but also that, if she were to stop her alcohol use, she would be able to hold a job. (Doc. no. 12, pp. 1-3). The Commissioner contends that the ALJ found that Plaintiff could hold a job when she does not abuse alcohol. (Doc. no. 9). As Plaintiff explains, this distinction is important because if Plaintiff is correct in her interpretation, then the proof of an extended period of sobriety from 1998 to the present shows the ALJ was mistaken about the cause of the disability. Plaintiff concedes that if, as per the Commissioners' interpretation of the ALJ's opinion, the ALJ found that Plaintiff could hold a job when she did not drink, then the first two of the three issues Plaintiff has raised in her briefing relating to the materiality of alcohol use to disability have no merit. In reviewing the ALJ's entire opinion, the Court agrees with the Commissioner's interpretation that the ALJ found that Plaintiff could hold a job when she did not drink, and thus Plaintiff's first two issues are without merit. The following excerpts of the ALJ's opinion are consistent with this conclusion:

> After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance use disorder(s), the claimant **has** the residual functional capacity to perform work activity at the medium level of exertion, including the ability to lift and/or carry and push and/or pull 50 pounds occasionally and 25 pounds frequently; and to sit, stand and/or walk for a combined total of 8 or more hours per day **but is currently unable to** reliably maintain any work on a full-time, sustained basis due to effects of her alcohol abuse and medical non-compliance, with consequent physical and mental health problems.

R. 15 (emphasis added).

9

> The vocational expert testified that the claimant's residual functional capacity to do medium, repetitive or unskilled work enabled her to return to her past work [].

R. 16.

> Although otherwise capable of performing the work, the claimant has been unable to perform past relevant work primarily because of her inability to maintain sobriety [].

R. 17.

In making his determination, the ALJ took into account that Plaintiff had periods of sobriety, and the ALJ determined that Plaintiff **has** the residual functional capacity to perform work activity at the medium level of exertion **but is currently unable to** reliably maintain any work on a full-time, sustained basis due to effects of her alcohol abuse and medical non-compliance, with consequent physical and mental health problems. The opinion is clear that the ALJ considered Plaintiff's periods of sobriety. Accordingly, then, the Commissioners interpretation is correct in that Plaintiff "*actually could* hold a job *when* she did not drink."

Finally, Plaintiff argues that the ALJ failed to consider that she was prescribed, and daily attended, "Day Treatment" at her Mental Health Center, which was key to her maintaining sobriety. According to Plaintiff, the ALJ violated Social Security Ruling 96-8p (requiring consideration of claimant's treatment schedule) because he did not take into consideration the VE's testimony that Plaintiff's treatment schedule precludes work. (Doc. nos. 8, 12).

The Court is not persuaded by Plaintiff's argument.[4] Plaintiff's daily attendance at

---

[4] The Court notes that the ALJ was aware Plaintiff worked part time and thus took Plaintiff's attendance at the "Day Treatment" into consideration. R. 15, 16, 17.

"Day Treatment" consisted of a period of four hours; three of those hours were spent performing tasks and interacting with others; while only one of those hours was spent in group therapy. R. 575-76, 588. The Court agrees with the Commissioner that to the extent her one hour therapy is a key to maintaining Plaintiff's sobriety, such help is generally available outside of normal hours for those in the workforce who also receive treatment for alcoholism. Indeed, the record does not show that Plaintiff's daily visits to "Day Treatment" constitutes required treatment that could not be provided at other times.

In sum, the Court concludes that the ALJ's determination that alcoholism is a contributing factor material to the determination of Plaintiff's disability is supported by substantial evidence. It is important to keep in mind that substantial evidence is more than a scintilla, but less than a preponderance. Martin, 894 F.2d at 1529. The Court finds substantial evidence exists to support the Commissioner's factual findings, and therefore it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.

As previously explained, the Court finds that the ALJ did take into account the entire record. Moreover, in making his determinations, the ALJ has provided record evidence in support of his conclusions. Thus, the ALJ's factual findings are supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that

a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 6th day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE