ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 SEP 12 P 3 34
CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| LEILA F. EDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-060 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R & R"), to which objections have been filed. The majority of Plaintiff's objections are primarily a reiteration of the arguments presented in her brief, namely that the ALJ's decision is not supported by substantial evidence. However, one point merits further discussion.

In the R & R, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to consider that she was prescribed, and daily attended, "Day Treatment" at her Mental Health Center, which was key to her maintaining sobriety. (Doc. no. 13, p. 10). According to Plaintiff, the Magistrate Judge erroneously determined that the time Plaintiff spent washing dishes and doing similar tasks was in no respect "treatment" or "therapy." (Doc. no. 15, p. 14). Contrary to Plaintiff's assertion, the Magistrate Judge stated simply that the record did not show that Plaintiff's daily visits to "Day Treatment" constitutes "required

treatment that could not be provided at other times." (Doc. no. 13, p. 11) (emphasis added). Thus, Plaintiff's argument that the ALJ did not articulate the "some of the treatment wasn't really treatment" rationale allegedly employed by the Magistrate Judge misses the mark. Moreover, while Plaintiff contends that the ALJ did not take into consideration the Vocational Expert's testimony that Plaintiff's treatment schedule precluded work, the R & R noted that the ALJ was aware Plaintiff worked part time. (Id. at 10 n. 4). Thus, the ALJ appears to have taken Plaintiff's attendance at the "Day Treatment" into consideration. In sum, Plaintiff's objection concerning the Magistrate Judge's alleged mischaracterization of Plaintiff's time spent at "Day Treatment" is without merit.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore the Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the Commissioner.

SO ORDERED this 12th day of September, 2007, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE